## Michael D. Chandler *v.* Pulaski County
### Arkansas

5-5065                                                    445 S. W. 2d 96

Opinion delivered October 6, 1969

*Ben E. Price,* for appellant.

*Richard B. Adkisson,* Prosecuting Attorney; By: *James R. Howard,* for appellee.

Carleton Harris, Chief Justice. This appeal is an effort to persuade this court to extend the rule announced in *Parish* v. *Pitts,* 244 Ark. 1239, 429 S. W. 2d 45 (Rehearing denied on July 15, 1968), to permit suits in tort against counties. On the night of October 4, 1967, Michael D. Chandler, appellant herein, was a passenger in an automobile being driven to Little Rock Air Force Base from Little Rock by an out-of-state resident. After proceeding through Jacksonville, the driver turned left onto Coffelt Road, a county public highway in Pulaski County. The driver was unable to make a 90 degree turn, and crashed into a drainage ditch on the western-most side of old Highway No. 67, Chandler receiving serious injuries. Thereafter, appellant instituted suit against Pulaski County, Arkansas, alleging negligence on the part of the county in failing to erect and maintain effective warning or luminous signs, in failing to post a safe speed limit sign along the road, and in fail-

ing to give any warning whatsoever of the existence of the 90 degree turn required of western bound travelers on said road. Pulaski County demurred to the complaint and such demurrer was sustained by the trial court. This appeal questions the correctness of that ruling.

The facts in this case are very similar to those in the case of L. A. Sullivan, Administrator, Estate of Joseph Sullivan, deceased, of Pulaski County, Arkansas, handed down this date, and the reasoning in that opinion applies here with equal force. There, we point out that the General Assembly of 1969 enacted legislation which became Act 165, the legislation declaring the public policy of the State of Arkansas to be "that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the State shall be immune from liability for damages, and no tort action shall lie against any such political subdivision, on account of the acts of their agents and employees."

Affirmed.