Felix THOMPSON and DARDANELLE SCHOOL
DISTRICT #15 *v.* Larry SANFORD

83-234                                          663 S.W.2d 932

Supreme Court of Arkansas
Opinion delivered February 13, 1984

*G. Ross Smith,* for appellant, Dardanelle School District #15.

*Lienhart & Hart,* by: *J. Fred Hart, Jr.,* for appellant, Felix Thompson.

*Bullock & McCormick,* for appellee.

*Steve Clark,* Atty. Gen., by: *R. B. Friedlander,* Asst. Atty. Gen., and *Bullock & McCormick,* for amicus curiae.

DARREL HICKMAN, Justice. This is a case involving the immunity of school districts from tort liability and their corresponding duty to carry liability insurance on their motor vehicles. The questions raised are not new. The act in question, Act 165 of 1969, and our decision in *Sturdivant* v. *City of Farmington,* 255 Ark. 415, 500 S.W.2d 769 (1973), settle the matter except in certain minor respects. We affirm the judgment of the trial court which was based on *Sturdivant.* All parties appealed: Sanford, the plaintiff below, who was injured when struck by a tractor owned by the Dardanelle School District #15; Felix Thompson, who struck Sanford and was an employee of the school district; the school district; and the attorney general, who joins in this suit to argue that we should overrule *Sturdivant.* The trial court was right in every regard.

The facts are easily stated though not important to our

decision. The jury found that Felix Thompson, while employed by Dardanelle School District #15, negligently caused an accident on a public road by striking a motorcycle driven by Larry Sanford. The school district did not have liability insurance as required by Act 165 of 1969. Sanford sued both Thompson and the school district. The jury awarded Sanford a $35,000 judgment against both. Afterwards, the trial court entered an order limiting the liability of the school district to $10,000 for the personal injury and no more than $5,000 for the property damage, pursuant to our holding in *Sturdivant*.

We held in *Sturdivant* that when a political subdivision, in this case a school district, mentioned in Act 165 fails to carry motor vehicle liability insurance, it becomes a self-insurer, if found liable, in an amount not to exceed the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act. At the time of the judgment, the minimum amounts were $10,000 for bodily injury to one person and $5,000 for destruction of property. Ark. Stat. Ann. § 75-1466 (Repl. 1979). This statute was amended in 1981, raising the limits to $25,000 and $15,000 respectively. Ark. Stat. Ann. § 75-1466 (Supp. 1983).

The various positions of the parties are as follows: Larry Sanford argues that Act 165 is unconstitutional because it violates Ark. Const. art. 2, § 13, which guarantees all citizens a means of redress from wrongs, and § 29 which declares all laws contrary to the constitution to be void. We answered that exact question in *Hardin* v. *City of DeValls Bluff*, 256 Ark. 480, 508 S.W.2d 559 (1974), when we said the drafters of the constitution "never had in mind that one, without legislative authority, could receive redress for asserted wrongs against counties and cities acting in their governmental capacities." Sanford makes other general constitutional arguments against Act 165, without citing authority. He argues that it violates the due process and equal protection clauses. Felix Thompson, the tractor driver, also argues Act 165 is unconstitutional because it sets limits on the liability to be imposed on political subdivisions without a rational basis. He also cites no authority but refers to the Ark. Const. art. 2, § 13 and the due process

and equal protection clauses of the United States Constitution. Since statutes granting political subdivisions immunity or denying them immunity are legal, then statutes which limit that liability are legal for the same reasons — to make these government entities bear some responsibility for wrongs to individuals harmed by their negligence, but also to prevent these same entities from exposure to high judgments which would destroy them. 57 Am. Jur. 2d, *Municipal, Etc., Tort Liability,* §§ 52, 56 (1971). We need not address the due process and equal protection arguments because they are supported neither by authority nor persuasive reasoning. See *Hulva* v. *Arkansas State Board of Dental Examiners,* 277 Ark. 397, 642 S.W.2d 296 (1982).

Thompson also argues it was wrong to allow the school district to be a party because its presence prejudiced the jury; i.e., the jury would perceive the school district could pay a large judgment, whereas Thompson actually would, and ultimately did, bear a greater share of the liability because the district's liability is limited. This argument, based on neither facts nor law, ignores the premise that Thompson is being held accountable only for his own negligence. He had the same opportunity as any other defendant to present his defense to an impartial jury. Thompson's argument, unsupported by citation of authority, does not meet his burden of showing error. *The Corning Bank* v. *Rice,* 278 Ark. 295, 645 S.W.2d 675 (1983).

The school district, which admittedly did not carry liability insurance as explicitly required by Act 165 and knowing it would be held accountable as a self-insurer by our decision in *Sturdivant* which was decided ten years ago, wants us to overrule *Sturdivant.* Essentially, the district's argument is the same as expressed in the dissent in *Sturdivant;* that is, that Act 165 grants absolute immunity, and the statutory requirement for liability insurance only grants a cause of action against the insurer, not the school district.

We patiently explained in *Sturdivant* why the provision in Act 165 requiring insurance had to be enforced by holding the city liable as a self-insurer. We said:

If we hold that the city of Farmington is entitled to the immunity afforded it under Act 165 and at the same time hold that it is not mandatory that it comply with the liability insurance provision thereof, then we have destroyed the second purpose of the act above enumerated. The mandatory provision for carrying liability insurance is so strongly and clearly stated that we cannot agree to such emasculation.

The school district argues that we were legislating when we made those districts self-insurers when they did not carry insurance, and therefore *Sturdivant* is unconstitutional as a violation of the separation of powers doctrine. Ark. Const. art. 4, § 2. This is a time-worn argument brought from time to time regarding judicial decisions and has no credibility in this case. "No statutory provisions are intended by the legislature to be disregarded; but where the consequences of not obeying them in every particular are not prescribed, the courts must judicially determine them." 2A C. Sands, Sutherland Statutory Construction § 57.01 (1973).

Questions pertaining to governmental immunity have been before us many times. In 1957, in the case of *Kirksey* v. *City of Fort Smith*, 227 Ark. 630, 300 S.W.2d 257 (1957), we continued to follow our precedents upholding governmental immunity but expressed the hope the legislature would make it mandatory that certain government entities purchase liability insurance to correct an obviously unjust part of our legal system — a wrong with no remedy.

The legislature failed to do so, and insurance remained an option. Then, in *Parish* v. *Pitts*, 244 Ark. 1239, 429 S.W.2d 45 (1958), over ten years later, we struck down the doctrine of municipal immunity. Within one year of the *Parish* case, the legislature addressed the problem and enacted Act 165, which had two purposes: to declare as public policy that the state and its political subdivisions shall not be liable for tort and to require all political subdivisions to carry liability insurance on their motor vehicles. One of the first substantial tests of the legislation came in 1973 when the city of Farmington was sued by Sturdivant and it was determined that the city carried no liability insurance. Shortly thereafter, the constitu-

tutionality of the act was challenged in *Hardin* v. *City of DeValls Bluff, supra.* So virtually all the questions raised have been addressed and answered before. There is a strong presumption of the validity of prior decisions. *Walt Bennett Ford, Inc.* v. *Pulaski County Special School District,* 274 Ark. 208, 624 S.W.2d 426 (1981); *Roane* v. *Hinton,* 6 Ark. (1 Eng.) 525 (1846). Although we do have the power to overrule a previous decision, *Gregg* v. *Road Improvement District No. 2,* 169 Ark. 671, 277 S.W. 515 (1925), it is necessary, as a matter of public policy, to uphold prior decisions unless a great injury or injustice would result. *Walt Bennett Ford, Inc.* v. *Pulaski County Special School District, supra; Rhea* v. *State,* 104 Ark. 162, 147 S.W. 463 (1912). Furthermore, a court's construction of a statute becomes a part of that law. *Merchants' Transfer & Warehouse Co.* v. *Gates,* 180 Ark. 96, 21 S.W.2d 406 (1929). None of the parties have given us any convincing authority or reasons why *Sturdivant* should not be followed.

Felix Thompson argues that the trial court erred when it refused to instruct the jury that liability against the school district was limited to $10,000 and $5,000. One state, Oregon, has taken this approach. See *Vendrell* v. *School District,* 226 Or. 263, 360 P.2d 282 (1961). We have generally declined to put such information before juries feeling it might affect the outcome of the jury's deliberation to the detriment of one of the parties. See *Hively* v. *Edwards,* 278 Ark. 435, 646 S.W.2d 688 (1983). We think the trial court was right to wait until the jury had determined liability and damages before applying the law of *Sturdivant* and Act 165. It is the least harmful solution available.

The school district and Felix Thompson argue that the case should have been submitted to the jury on interrogatories rather than a general verdict so that fault could be proportioned more specifically among the parties. The school district admits that this is a matter within the discretion of the trial court. *Hough* v. *Continental Leasing Corp.,* 275 Ark. 340, 630 S.W.2d 19 (1982). The trial court properly instructed the jury in accordance with AMI 2102, and we find no abuse of discretion.

Affirmed.