The Honorable George E. Wimberly No. 15 Brickton Place Little Rock, AR 72205
Dear Representative Wimberly:
This is in response to your request for an opinion concerning a political subdivision's responsibility for carrying liability insurance on its "motor vehicles". Specifically, you have asked whether, under A.C.A. 21-9-303, a city or county must carry liability insurance on a road grader. For the following reasons, it is my opinion the answer to your question is yes.
As you have indicated in your correspondence, A.C.A. 27-19-206
defines a "motor vehicle." That term is also defined at27-14-207(b). Both provide:
 Motor vehicle means every vehicle which is self propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires but not operated upon rails.
To determine the ultimate meaning of this term, consideration must be given to the definition of the term "vehicle." That term is defined in A.C.A. 27-14-207(a) and in 27-19-214 as:
 . . . every device in, upon, or by which any person or property is, or may be, transported or drawn upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks.
Given this definition, a question may arise with respect to whether a road grader is in fact a "vehicle", since its primary purpose is not to transport persons or property. Courts often look to the "primary purpose" in applying the definition. Ferrants Equipment Co. v. Foley Machinery Co., 49 N.J. 432, 231 A.2d 208
(1967). This issue is solved, however, by a further review of the statutes.
It appears that a road grader is a specialized type of "vehicle" defined in A.C.A. 27-14-211 which provides:
 "Special mobile equipment" means every VEHICLE not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways, including farm tractors, road construction or maintenance machinery, ditch-digging apparatus, well-boring apparatus, and concrete mixers. This enumeration shall be deemed partial and shall not operate to exclude other such vehicles which are within the general terms of this section. (emphasis added)
It is clear from the above section that a road grader is a "vehicle" under the statutory definition. It is also a "motor vehicle" under 27-19-206 and 27-14-207(b), because it is self-propelled. It must therefore be concluded that it must be covered by liability insurance under A.C.A. 21-9-303 (Supp. 1987) which provides in pertinent part that:
 (a) All political subdivisions shall carry liability insurance on their motor vehicles or shall become self-insurers, individually or collectively, for their vehicles, or both, in the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act, 27-19-101, et seq.
It may be contended that because this provision refers to the Motor Vehicle Safety Responsibility Act, and because that act does not apply to vehicles which are not required to be licensed, it necessarily follows that 21-9-303 was not intended to obligate political subdivisions to insure properly unlicensed road graders. It is true that the Motor Vehicle Safety Responsibility Act does not apply to "specialized mobile equipment" such as, for example, a road grader, because it is not subject to registration requirements. See 27-19-601 and 27-14-703. This fact, however, does not govern questions surrounding the liability insurance required of political subdivisions under 21-9-303. Rather, it may reasonably be concluded that 21-9-303 simply borrows the minimum amounts of insurance required under the Motor Vehicle Safety Responsibility Act and applies them to political subdivisions. Section 21-9-303 does not portend to make other provisions of that act applicable to political subdivisions, where it otherwise is not. See 27-19-604(8). All that is left, then, is to determine the definition of a "motor vehicle" as used in 21-9-303 to identify the need for liability coverage. As noted earlier, that term under current Arkansas statutes does include a road grader.
Additionally, the fact that the definitions of "motor vehicle" and "vehicle" are found only in the Motor Safety Responsibility Act and under the statutes requiring registration is not contrary to this conclusion. In fact, the Arkansas Supreme Court has imposed self insurer liability on a subdivision where it failed to carry liability insurance on a tractor, a vehicle specifically included in the definition of "special mobile equipment." Although the issue was not squarely argued to the court by counsel for the appellant, the Court did note that the "school district did not have liability insurance AS REQUIRED BY Act 165 of 1969" (A.C.A.21-9-303 (Supp. 1987)). (Emphasis added). Thompson v. Sanfords,281 Ark. 365, 663 S.W.2d 932 (1984).
Other jurisdictions appear to be split on the issue of whether road construction equipment falls within the definition of "motor vehicles." See, e.g. Rogers Const. Co. v. Hill, 384 P.2d 219
(Ore. 1963); Gibbs v. Mayo, 81 So.2d 971, 4 A.D.2d 554
(1957); and Haveman v. Board of County Road Com'rs for Kent County, 356 Mich. 11, 96 N.W.2d 153 (1959). In a case decided by the Third Circuit Court of Appeals it was held that the determination should be made in light of the purposes of the litigation. In Re Ferro Contracting Co., 380 F.2d 116 (3rd Cir. 1967). In that case the court concluded that filing certificates of ownership and statements of encumbrances with the DMV was necessary to facilitate the freedom of transferring titles to automobiles, and to reduce thefts. The Court held that these objectives did not require filing such documents with respect to front end loaders, bulldozers, and backhoes.
In Arkansas, political subdivisions are required to carry liability insurance on their motor vehicles in order to provide for the protection of the health and property of its citizens. This protection is no less necessary when a citizen's property or person is injured by a road grader than it is when that same person or property is injured by a state vehicle more commonly referred to as an "automobile". Therefore, the purpose of the legislation, in addition to the statutory definitions, require[s] that liability insurance be maintained on road graders.
This is in response to your request for an opinion Assistant Attorney General Elana L. Cunningham.