The Honorable Mike Beebe State Senator 211 Arch Searcy, AR 72143
Dear Senator Beebe:
You have requested an official opinion from this office regarding whether or not governmental immunity — specifically, tort immunity — extends to 911 service and 911 officers. You ask whether such officers and services are subject to a liability suit.
Emergency telephone number systems — 911 systems — were established in Arkansas by the Arkansas Public Safety Communications Act of 1985 to provide a simplified means of offering emergency services to the public. Ark. Code Ann.12-10-301, 302(b). In order to answer your questions, it is necessary to examine a few definitions provided in that act. A "911 public safety communication center" is a communication center operated on a twenty-four (24) hour basis by an "operating agency" as designated by the chief executive of the political subdivision. A.C.A. 12-10-303(12). This "operating agency" is a public safety agency so designated by the chief executive of the political subdivision. Operating agencies are limited to offices of emergency services, fire departments, and law enforcement agencies of the political subdivisions. A.C.A. 12-10-303(17). The "public safety agency" which operates the system is an agency of the State of Arkansas or a functional division of a political subdivision which provides fire fighting, rescue, natural, or man-caused disaster or major emergency response, law enforcement, and ambulance or emergency medical services. And, the officers staffing public safety agencies are designated "public safety officers" by the act. Sections 12-10-303(14) (15).
Finally, A.C.A. 12-10-306 provides that the staff and supervisors of the 911 public safety communications center and systems shall be paid employees of the operating agency as designated by the chief executive of the political subdivision. It further provides:
 Personnel other than law enforcement or fire officers will be considered public safety officers for the purposes of public safety communications.
A.C.A. 12-10-306(a)(1).
Those paid employees are subject to the authority of the chief executive through their agency. Section 12-10-306a)(4).
The act itself, A.C.A. 12-10-317(3), provides immunity only in certain circumstances. It states that no agents of a political subdivision or officials or employees of a political subdivision shall be liable to any person who uses an enhanced 911 service established by the Act for release of the information specified to be taken from the caller by the employee or for failure of equipment of procedure in connection with an enhanced 911 service or basic 911 service. However, this provision does not address your question concerning tort liability which might be incurred by the 911 system or operators.
Rather, the fact that 911 officers are specified personnel of a public safety agency and are paid employees of the operating agency subject to the authority of the chief executive through that agency, is dispositive of your question.
Arkansas Code Annotated 12-9-301 provides that all counties, municipal corporations, and all other political subdivisions of the state shall be immune from liability for damages. The General Assembly has provided that no tort action shall lie against any such political subdivision because of the acts of its agents and employees. It has been recognized that counties have always enjoyed tort immunity. Hardin v. City of Devalls Bluff, 256 Ark. 480,508 S.W.2d 559 (1974). However, the effect of the above-cited statute was to restore tort immunity to cities as immunity had been abolished by the Arkansas Supreme Court in Perish v. Pitts, 244 Ark. 1239, 429 S.W.2d 45 (1969).
In a recent federal court decision involving the City of Van Buren and Crawford County, Lacey, et al. v. Bekart [Bekaert] Steel Wire Corporation, 619 F. Supp. 1234 (W.D.Ark. 1985), aff'd, 799 F.2d 434
(8th Cir. 1986), the federal court stated:
 In `response' to that decision [Perish v. Pitts, supra], the General Assembly of the State of Arkansas enacted the legislative scheme now codified as [Ark. Code Ann. 21-9-301 to -303]. This legislation restored the common law immunity of political subdivisions. Williams v. Jefferson Hospital Association, Inc., 246 Ark. 1231, 442 S.W.2d 243 (1969). It is also generally accepted that counties have always been immune from tort liability in Arkansas. Chandler v. Pulaski County, 247 Ark. 262, 445 S.W.2d 96
(1969).
Id. at 1238.
In recent cases, specific officers have been held immune under this act for non-intentional torts. See, Matthews v. Martin,280 Ark. 345, 658 S.W.2d 374 (1983); Autry v. Lawrence, 286 Ark. 501,696 S.W.2d 315 (1985).
Based on the statute and case law cited above, it is my opinion that both the 911 operating agency and the 911 officers who are personnel of that agency are immune from tort liability for non-intentional torts.
The foregoing opinion, which I hereby approve, was prepared by Solicitor General R.B. Friedlander.