Guadalupe ALVARADO *v.*
ST. MARY-ROGERS MEMORIAL HOSPITAL, INC.

CA 06-1061                                        257 S.W.3d 583

Court of Appeals of Arkansas
Opinion delivered May 23, 2007

*Ken Swindle*, for appellant.

*Bassett Law Firm, LLP*, by: *Dale W. Brown*, for appellee.

JOSEPHINE LINKER HART, Judge. Guadalupe Alvarado appeals from an order of the Benton County Circuit Court dismissing with prejudice pursuant to Arkansas Rule of Civil Procedure 12(b)(6) her complaint against appellee St. Mary-Rogers Memorial Hospital (St. Mary's). On appeal, Alvarado argues that the trial court erred in dismissing her complaint because she did state facts upon which relief may be granted and did allege a justiciable controversy. We affirm.

Alvarado was injured in an automobile accident on October 4, 2005. The following day, she presented at St. Mary's for x-rays. The hospital charges for those x-rays were $312. Alvarado, an employee of Tyson Foods, had CIGNA health insurance. St. Mary's was a member of the Tyson Preferred Network and as such has a contractual agreement with CIGNA whereby it agrees to write off certain charges.

Alvarado settled her case with the other driver's auto insurance company, State Farm Mutual Insurance, for $4,500. The hospital sought to be paid for the medical services it provided to Alvarado. State Farm issued a draft in the amount of $312 payable to St. Mary's. Alvarado asserted that she was entitled to $216.74, the amount of the discount that was negotiated between CIGNA and St. Mary's. While retaining possession of the draft, she demanded that St. Mary's endorse it over to her in exchange for a check written by her attorney in the amount of $95.26, which would have been the cost of Alvarado's treatment if CIGNA was paying for it. Employees of St. Mary's refused Alvarado's demand.

Claiming entitlement to a sum equal to the discount which CIGNA would have been entitled to had they been responsible for the bill, Alvarado filed suit in Benton County Circuit Court, as she threatened to do, seeking declaratory judgment and monetary damages. She alleged that St. Mary's failed to properly assert a lien on the insurance proceeds, breached its contract with CIGNA to which she was a third-party beneficiary, and committed the tort of conversion. Alvarado subsequently amended her complaint to bring in State Farm as a defendant, but nonsuited after the trial court granted St. Mary's motion to dismiss in order to facilitate the filing of this appeal.[1]

In dismissing Alvarado's complaint with prejudice, the trial judge found that "at all relevant times the plaintiff or her attorney has been in exclusive possession and control" of the $312 State Farm draft and St. Mary's did not exercise "actual or constructive dominion" over the draft "at any time." Accordingly, it found that Alvarado's complaint did not state facts upon which relief may be granted and the facts alleged did "not give rise to a present, justiciable controversy capable of adjudication." Further, it found that State Farm had issued two replacement checks which rendered Alvarado's claims moot. Finally, the trial court found that it is "undisputed" that St. Mary's filed or asserted a lien for the medical services rendered on October 5, 2005.

On appeal, Alvarado argues that the trial court erred in dismissing her complaint because it stated facts upon which relief can be granted. First, she argues that the trial court's decision should be treated as based on summary judgment under Rule 56(c) of the Arkansas Rules of Civil Procedure. She contends that "liberally" construing the pleadings, as required by Rule 8(f) of the Arkansas Rules of Civil Procedure, she asserted three causes of action: breach of contract, intentional interference with a business advantage, and conversion. She claims that the interference with a business advantage count was raised when she asserted in her

---

[1] While this appeal was pending, Alvarado became concerned about whether her dismissal of the cause of action against State Farm deprived this court of jurisdiction because the trial court's order did not dispose of all the claims that she had asserted. We note, however, that in *Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269 (1996), the supreme court held that dismissing a party without prejudice did not adversely affect the finality of an order for the purposes of appeal. The *Driggers* court reasoned that nothing requires a plaintiff to sue the prospective defendants simultaneously, and if the plaintiff nonsuits, he is in no different position than he would be if he had filed a separate cause of action. *Id.*

complaint that St. Mary's "had no valid claim to the $316 due to the reduction" and the tort arose when it improperly asserted entitlement to her property—the amount of the discount that CIGNA received from St. Mary's. Alvarado asserts that her entitlement to the discount arose from her status as a third-party beneficiary to the contract between CIGNA and St. Mary's. Alvarado argues that she asserted the tort of conversion when she alleged that St. Mary's refusal to endorse the draft deprived her of her right to be paid in cash the difference between the price of the services rendered and the price to CIGNA had it been responsible for paying for the services. Finally, Alvarado argues that the trial court erred in finding that there was not a justiciable controversy because, even though she eventually received the money she sought, the act of conversion was complete at the time the tort was committed. We find none of her arguments persuasive.

We note first that the trial court proceeding was at all times treated as a hearing on St. Mary's motion to dismiss pursuant to Rule 12(b)(6). She never asked the trial court to consider St. Mary's motion as one for summary judgment. We therefore decline to consider it as a motion for summary judgment. It is well settled that this court will not consider arguments raised for the first time on appeal. *See Ford Motor Co. v. Arkansas Motor Vehicle Comm'n,* 357 Ark. 125, 161 S.W.3d 788 (2004).

In reviewing the trial court's decision on a motion to dismiss under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, this court treats the facts alleged in the complaint as true and views them in a light most favorable to the party who filed the complaint. *Perry v. Baptist Health,* 358 Ark. 238, 189 S.W.3d 54 (2004). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.* However, a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.* The court will look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Id.*

Regarding the intentional interference with a business advantage count, we hold that Alvarado's complaint fails to plead sufficient facts to establish the elements of this tort. As Alvarado notes, the supreme court discussed the elements of this tort in *Stewart Title Guaranty Company v. American Abstract & Title Company,* 363 Ark. 530, 215 S.W.3d 596 (2005). It stated that to establish a

claim of tortious interference with business expectancy, a plaintiff must prove (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Id.* In addition to the above requirements, the supreme court also stated that, for an interference to be actionable, it must be improper. *Id.* (citing *Hunt v. Riley*, 322 Ark. 453, 909 S.W.2d 329 (1995)).

The allegations in Alvarado's complaint, taken as true, fail to allege improper interference. The only wrongful conduct on the part of St. Mary's that Alvarado alleged was that the hospital did not follow the proper statutory procedures to assert a lien against the insurance settlement and it refused to cash an insurance company draft, give Alvarado's attorney the proceeds, and accept that attorney's checks for the amount that she claimed that she was entitled to pay the hospital for the medical services she received. Regarding the former, the failure to follow the procedures set out in our lien statute simply results in St. Mary's not being able to assert a lien. *See* Ark. Code Ann. § 18-46-106 (Repl. 2003). It does not extinguish the debt or St. Mary's right to collect for the medical services it provided. As far as refusing to cash the insurance draft, we hold that St. Mary's had no duty to do so—it is a hospital, not a bank. Furthermore, in both cases, the alleged improper conduct was not misfeasance, but mere nonfeasance. Where intentional torts are concerned, subject to limited exceptions not germane to this appeal, nonfeasance is not actionable. *See Farm Bureau Ins. Co. v. Running M Farms, Inc.*, 366 Ark.480, 237 S.W.3d 32 (2006). Accordingly, the trial court did not err in finding that Alvarado failed to assert a claim arising under this theory.

■ Alvarado also failed to allege sufficient facts to make out the elements of her conversion claim. In *Grayson v. Bank of Little Rock*, 334 Ark. 180, 188, 971 S.W.2d 788, 792 (1998), the supreme court set out the elements of conversion as follows:

> Conversion is the exercise of dominion over property in violation of the rights of the owner or person entitled to possession. Conversion can only result from conduct intended to affect property. The intent required is not conscious wrongdoing but rather an intent to exercise dominion or control over the goods that is in fact inconsistent with the plaintiff's rights.

Here, Alvarado conceded that she maintained possession of the insurance draft but asserted that St. Mary's exercised dominion over the funds that she was claiming because it failed to cash the instrument as she demanded. We hold that the trial court did not err in finding that Alvarado's factual allegations that St. Mary's refusal to cash the draft equated to dominion over the funds. Indeed, that assertion is belied by the fact that State Farm subsequently issued two replacement drafts that gave Alvarado what she wanted.

■ Finally, although Alvarado alleged a breach-of-contract claim in her pleadings, her twenty-three page argument does nothing more than mention that such a claim was made in her complaint. We therefore hold that this argument has been abandoned on appeal.

Affirmed.

GLADWIN and ROBBINS, JJ., agree.