2013 Ark.App. 50
**Eddie YOUNG, Appellant**

v.

**BLYTHEVILLE SCHOOL DISTRICT and Erick Smith, Appellees.**

No. CA 12–696.

Court of Appeals of Arkansas.

Jan. 30, 2013.

Rehearing Denied March 6, 2013.

Law Offices of Hoskins & Harris, P.A., Blytheville, by: James W. Harris, for appellant.

W. Paul Blume, for appellees.

DAVID M. GLOVER, Judge.

Eddie Young appeals from the circuit court's dismissal of his complaint against appellees, Blytheville School District and one of its bus drivers, Erick Smith, on the basis of immunity. We find no error and affirm.

Appellant is the father of B.Y., who was thirteen years old on June 4, 2010, when she rode the school bus to Blytheville Middle School; after she entered the school, a minor male forced her into the men's bathroom, where she was raped. Appellant sued the school district and the bus driver, alleging causes of action under the Arkansas Public Education Act, Arkansas Code Annotated sections 6–15–1001 to –1007 (Repl.2007); under article 2, section 13 of the Arkansas Constitution; and for gross

negligence. Appellees filed a motion to dismiss on the grounds that they were immune from liability under Arkansas Code Annotated section 219301 (Supp. 2011); that the Arkansas Public Education Act does not provide a [2]private right of action; that the immunity offered by section 21–9–301 is not abrogated by article 2, section 13; that the school district does not maintain a policy of general liability insurance; and that appellees had no duty to provide safe transportation or to ensure BY's safety.

Article 2, section 13 provides:

Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws.

Section 21–9–301 provides:

(a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

(b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

In response, appellant asserted that the Arkansas Public Education Act requires a school district to provide a safe education and that school districts must be held accountable for their failure to do so; that the immunity granted by section 21–9–301 cannot abolish a constitutional right; and that it could not shield appellees from liability under certain federal statutes. Appellant filed an amended complaint adding claims under 42 U.S.C. section 1983 for failure to protect BY's due-process rights under the 14th Amendment to the United States Constitution and under 20 U.S.C. section 1681 (Title IX of the Education Amendments of 1972) for failure to protect her from sexual harassment and rape by another [3]student. Appellees filed another motion to dismiss, asserting that appellant had failed to allege any facts demonstrating a deprivation of BY's constitutional right to due process or that 20 U.S.C. section 1681 applied to this situation.

On June 25, 2012, the circuit court entered an order of dismissal, stating:

1. The lawsuit brought by the Plaintiffs is based on a claim of negligence on the part of the Defendants.

2. The Defendants, the Blytheville School District and one of its employees, Mr. Erick Smith, claim the statutory immunity from liability for negligence conferred by A.C.A. § 21–9–301. The Defendants are entitled to such immunity.

3. The Plaintiffs' claim under the Arkansas Public Education Act of 1997, A.C.A. §§ 6–15–1001 through 1007, inclusive, fails in that the Act does not confer a private right of action, and the Act does not authorize damages for a purported violation of the Act. Absent that, no such right exists. *Larry Hobbs Farm Equipment v. CNH Am.*, 375 Ark. 379, 389, 291 S.W.3d 190 (2009).

4. The Plaintiff's claim that the Constitution of Arkansas, Art. 2, § 13, confers a right to a remedy in all circumstances, thereby abrogating the immunity statute, is without merit. *White v. City of Newport*, 326 Ark. 667, 672 [933 S.W.2d 800] (1996).

5. The Plaintiffs' claim that the Defendants violated some legal duty to provide safe transportation and to ensure safety is a restatement of their negligence claims. The Court does not doubt the commitment of the Defendants to provide safe transportation, but no legal duty, such as the Plaintiffs suggest, exists. The Plaintiffs' attempt to avoid the immunity of the Defendants by suggesting that the Defendants exhibited "gross negligence" in purportedly allowing the claimed injury to occur; but the Arkansas Court of Appeals already has dispensed with such an argument in the case of *Brown v. Fountain Hill School District.*, 67 Ark.App. 358 [1 S.W.3d 27] (1999).

6. Plaintiffs' allegations under 42 U.S.C. § 1983 and 20 U.S.C. § 1681 state no claim. There is no right to transportation; and even if there were, the claim by the Plaintiffs solely is a claim for negligent supervision, denied by the Defendants, and stating no federal constitutional right which has been violated. She has not been denied access to transportation.

7. 20 U.S.C. § 1681 is a prohibition against discrimination on the basis of sex relating to participation in any education program or activity receiving federal financial assistance. The allegations of the Complaint do not demonstrate that the minor Plaintiff was so deprived, regardless of sex.

Appellant then brought this appeal.

■ In reviewing the trial court's decision on a motion to dismiss under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure (2012), we treat the facts alleged in the complaint as true and view them in a light most favorable to the party who filed the complaint. *Alvarado v. St. Mary–Rogers Mem. Hosp., Inc.,* 99 Ark. App. 104, 257 S.W.3d 583 (2007). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.* However, a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.* The court will look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Id.* Whether appellees are entitled to immunity from suit is purely a question of law, which we review de novo. *Helena–W. Helena Sch. Dist. v. Monday,* 361 Ark. 82, 204 S.W.3d 514 (2005).

■ We review issues of statutory construction de novo, as it is for this court to determine what a statute means. *City of Rockport v. City of Malvern,* 2012 Ark. 445, 424 S.W.3d 870. In this respect, we are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

■ In his first point, appellant argues that the Arkansas Public Education Act establishes a school district's duty and provides a private right of action. Section 6–15–1002 provides:

(c) The General Assembly further acknowledges that every school district in Arkansas must graduate academically competent students, must have qualified teachers and administrators, must provide a safe, efficient, and accountable program, and must be supported by and assisted by the state.

Arkansas Code Annotated section 6–15–1005 provides in relevant part:

(a)(1) Arkansas schools will have safe and functional facilities.

. . . .

(b)(1) The school climate will promote student achievement.

(2) Every school and school district will enforce school district policies to ensure the safety of every student during school hours at school-sponsored activities. These policies will include, at a minimum, policies on weapons, violence, tobacco, alcohol, other drugs, gangs, and sexual harassment.

(3) Every school and school district will enforce a code of behavior for students that respects the rights of others and maintains a safe and orderly environment.

(4) Every school and school district will have in place a policy on addressing disruptive students.

. . . .

(g)(1) All public schools will be accountable to the public they serve.

The Act does not expressly provide a private right of action, nor does it define the term "accountable." Appellant asserts that the legislature intended that if a school district failed to do that which was required of it—provide a safe program—it would be accountable by paying for that failure, and that the circuit court's interpretation of section 6–15–1005(g)(11) rendered its "accountable" requirement a nullity. Appellees respond that the Arkansas Public Education Act simply establishes standards for schools to achieve but provides no right of action to enforce the act.

Although we agree with appellant that the Act imposes a duty,[1] we agree with appellees that it does not provide a private right of action. In Arkansas, the violation of statutes may be considered evidence of negligence. *See Jackson v.*

*Cadillac Cowboy, Inc.*, 337 Ark. 24, 986 S.W.2d 410 (1999); *Watkins v. Arkansas Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, 420 S.W.3d 477. The Restatement (Second) of Torts, section 286 (1965) provides the following analysis for legislative enactments to be considered evidence of negligence:

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part:

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

The basic rule of statutory construction is to give effect to the intent of the legislature. *Arkansas River Educ. Servs. v. Modacure*, 371 Ark. 466, 267 S.W.3d 595 (2007). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.* Because the Act does not expressly provide for a pri-

---

1. The essential elements of a cause of action for negligence are that the plaintiff show a duty owed and a duty breached, and that the defendant's negligence was a proximate cause

of the plaintiff's damages. *Watkins v. Arkansas Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, 420 S.W.3d 477.

vate right of action or for any kind of remedy, the trial court did not err in its ruling on this point. *See Larry Hobbs Farm Equip., Inc. v. CNH Am., LLC,* 375 Ark. 379, 291 S.W.3d 190 (2009).

 Additionally, we do not agree that the legislature intended to partially repeal section 21–9–301 when it enacted the Arkansas Public Education Act. Arkansas has long held that a court must construe all statutes relating to the same subject matter together. *Waire v. Joseph,* 308 Ark. 528, 825 S.W.2d 594 (1992). A statute is not repealed by implication, especially where there exists a harmonious construction of both statutes. *Id.* A repeal by implication is not favored and is never allowed except when there is such an invincible repugnancy between the provisions that both cannot stand. *Doe v. Baum,* 348 Ark. 259, 72 S.W.3d 476 (2002). In light of Arkansas's "strong adherence to governmental immunity," if the legislature had intended to abrogate school districts' limited immunity, it would have expressly stated so. *Waire,* 308 Ark. at 534, 825 S.W.2d at 598.

 In his second point, appellant argues that section 21–9–301, which provides limited immunity for political subdivisions such as school districts, does not take away rights guaranteed by article 2, section 13 of the Arkansas Constitution. We disagree. Arkansas has long recognized immunity for school districts and their employees from civil liability for negligent torts. *Doe v. Baum, supra; Brown v. Fountain Hill Sch. Dist.,* 67 Ark.App. 358, 1 S.W.3d 27 (1999). This immunity is qualified; section 21–9–301 does not provide immunity for the intentional torts of school districts and their employees, only their negligent acts. *Deitsch v. Tillery,* 309 Ark. 401, 833 S.W.2d 760 (1992). They are also not immune from suit for negli-

gence to the extent that they are covered by other viable liability insurance. *Id.*

On a number of occasions, the Arkansas Supreme Court has held that section 21–9–301 does not violate article 2, section 13. *See White v. City of Newport,* 326 Ark. 667, 933 S.W.2d 800 (1996). It has stated that the drafters of Arkansas's 1874 constitution "never had in mind that one, without legislative authority, could receive redress for asserted wrongs" against governmental entities. *Hardin v. City of De-Valls Bluff,* 256 Ark. 480, 485, 508 S.W.2d 559, 563 (1974). The court has also said that this constitutional provision did not authorize the creation of rights of action by the courts or limit the power of the General Assembly to enact remedial laws: "We have not extended the guarantee of rights of this provision beyond a limitation on the power of the legislature to abolish rights of action which were well established when the Constitution was adopted." *Id.,* 508 S.W.2d at 563. The court noted that there was no well-established right to recover from a city in a tort action at the time the constitution was adopted. *Accord Thompson v. Sanford,* 281 Ark. 365, 663 S.W.2d 932 (1984) (involving a school district and its employee).

Appellant recognizes that the supreme court has held that section 21–9–301 does not violate article 2, section 13, but asks us to overturn that decision to the extent that it shields a school district from being held accountable under the Arkansas Public Education Act. He asks us to reconcile the purported conflict between the immunity statute, the constitution, and the Arkansas Public Education Act. He states: "The only way to sensibly reconcile the conflicts among these laws is for this court to declare that the immunity statute has no application to injuries to school students which occur on school premises." We must, however, follow the precedent set by

the supreme court, and we are powerless to overrule its decisions. *Watkins, supra.*

Appellant further contends that section 21–9–301 did not provide immunity to appellees because BY was the victim of intentional torts, for which school districts are not immune from liability. *Deitsch, supra.* We disagree. Although BY was the victim of intentional torts· when she was pulled into the bathroom and raped, appellant alleged no facts indicating that appellees committed those acts or any other intentional torts. We affirm on this point.

▮▮▮▮ Appellant asserts in his last point that the trial court erred in dismissing his claims under 42 U.S.C. section 1983 and 20 U.S.C. section 1681. Again, we do not agree. To establish a violation of section 1983, the plaintiff must show that the deprivation (1) was a right secured by the United States Constitution and laws of the United States, and (2) was caused by a person or persons acting under the color of state law. *Repking v. Lokey,* 2010 Ark. 356, 377 S.W.3d 211, *cert. denied,* —— U.S. ——, 131 S.Ct. 1516, 179 L.Ed.2d 308 (2011). Local governing bodies can be sued under section 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Although the touchstone of a section 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the United States Constitution, local governments may be sued for constitutional deprivations caused by governmental "custom," even though such a custom has not received formal approval. *Id.* at 690–91, 98 S.Ct. 2018.

Generally, an isolated incident is insufficient to establish such a policy or custom. *Repking, supra.* A custom or usage is demonstrated by: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policy-making officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the governmental entity's custom, *i.e.,* proof that the custom was the moving force behind the constitutional violation. *Id.*

▮▮▮▮ Usually, a failure to provide protection is not enough to deprive the plaintiff of a constitutional right. The United States Supreme Court has held that the Due Process Clause is not implicated by a negligent act of an official that causes an unintended loss of or injury to life, liberty, or property. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). It has also held that

> [t]he Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.... [T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.... [A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–97, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

There is, however, an exception to the absence of an affirmative right to safety under the Due Process Clause— the "state-created-danger exception," which is a duty to protect when the state officers affirmatively place a particular individual in a position of danger that he or she would not otherwise have faced. *Repking, supra.* For such a duty to protect to arise, the actions of the state must create a unique risk of harm to that person that is greater than the risk faced by the general public. *Id.* To satisfy the exception, a plaintiff must show 1) membership in a limited, precisely definable group, 2) the conduct of state or local officials put them at significant risk of serious, immediate, and proximate harm, 3) the risk was obvious or known to the state or local officials, 4) the officials acted recklessly in conscious disregard of the risk, and 5) in total, the conduct shocks the conscience. *Id.* In *Rudd v. Pulaski County Special School District*, 341 Ark. 794, 20 S.W.3d 310 (2000), the plaintiff, a student, was the victim of a crime by another student. The supreme court, looking to state and federal decisions interpreting section 1983 for guidance, held that the school district did not have a duty under the Arkansas Civil Rights Act to protect the plaintiff from violent acts by another student.

In his complaint, appellant asserted that appellees' actions had placed BY at significant risk of harm to her liberty interests in bodily integrity and to be secure in her person, and that the risk was obvious or known to appellees. Even when treated as true, the facts alleged by appellant were not sufficient to survive a motion to dismiss.

Appellant alleged in his Title IX claim that appellees acted with deliberate indifference to the dangers that BY faced upon entering the school without adult supervision and failed to protect her from student-on-student harassment. Title IX provides in pertinent part: "No person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." "[A] damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998). Recipients of federal money can be liable in damages only for their own deliberate indifference which causes discrimination. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999); *see also Finch v. Texarkana Sch. Dist. 7 of Miller Cnty.*, 557 F.Supp.2d 976 (W.D.Ark.2008).

In the case at bar, appellant alleged no facts showing that appellees had actual notice of any risk to B.Y. or that they exhibited deliberate indifference to a risk. Accordingly, we also affirm on this point.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.