Connie WAIRE, Individually and as Mother and Next Friend of Jerry Meyers, a Minor *v.* William JOSEPH, Reid Simmons, Arkansas School Boards Insurance Cooperative, the Searcy School District, the Arkansas Board of Education, and the Self-Insurance Fund of the Arkansas Department of Education

91-36                                   825 S.W.2d 594

Supreme Court of Arkansas
Opinion delivered March 2, 1992

*Gary Eubanks & Associates*, by: *James Gerard Schulze* and *Darryl E. Baker*, for appellants.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Dan Bufford* and *Tim Humphries*, for appellee Arkansas Department of Education.

*W. Paul Blume* and *Mike Beebe*, for appellee.

W. JACKSON WILLIAMS, Special Justice. On April 18, 1989, Jerry Myers, a student, was injured during track practice at Searcy Junior High School. His mother, Connie Waire, as next friend, appellant herein, filed a negligence suit against the Searcy School District (the District), William Joseph and Reid Simmons, employees of the District, and asserted liability against Arkansas School Boards Insurance Cooperative (ASBIC), the Arkansas Department of Education (ADE), and the Self-Insurance Fund of the Arkansas Department of Education (SIFADE). Appellant alleged that Joseph and Simmons, track coaches at Searcy Junior High School, had breached their duty of reasonable supervision of Waire's son. She also alleged that although the District and ADE are entities immune from tort liability under Ark. Code Ann. § 21-9-301 (1987), pursuant to the Direct Action Statute, Ark. Code Ann. § 23-79-210 (1987), she had a direct cause of action against the entities' liability insurers. According to appellant, ASBIC provided liability insurance to the Searcy School District. Appellant further alleged that pursuant to legislative mandate, Ark. Code Ann. § 6-17-1113 (Supp. 1991),

ADE established SIFADE to insure employees of public school districts against civil liability.

The District and ASBIC filed a motion for summary judgment asserting that the District is immune from tort liability pursuant to Ark. Code Ann. § 21-9-301 and that ASBIC was not an insurer for the District which could be sued pursuant to Ark. Code Ann. § 23-79-210. ADE and SIFADE also moved for summary judgment alleging immunity from suit pursuant to Article 5, § 20 of the Arkansas Constitution. The trial court granted both motions for summary judgment. The trial court also dismissed the complaint against Joseph and Simmons pursuant to the tort immunity conferred upon school districts and their employees by Ark. Code Ann. § 21-9-301. This decision is affirmed in part and reversed and remanded in part.

Appellant relies on three points for reversal: (1) summary judgment in favor of ASBIC was improper because ambiguity existed in the Restated Intergovernmental Cooperative Agreement (the Agreement) between ASBIC and the District whether the parties intended the Agreement to be a contract for insurance, (2) ADE has a statutory duty under Ark. Code Ann. § 6-17-1113 (Supp. 1991) to either purchase insurance or act as a self-insurer and ADE established SIFADE pursuant to this statute to insure public school district employees against civil liability, and (3) summary judgment in favor of Joseph and Simmons was improper because the record was silent as to whether the track coaches were covered by a policy of insurance.

The first issue presented is whether ASBIC provided a policy of insurance to the District. Appellant argues that the Agreement between ASBIC and the District was ambiguous in that the Agreement's Memorandum of Intent, on the one hand, stated that it is not a policy of insurance and that immunity is not waived, but on the other hand, provided coverage for personal injury and general liability. The Agreement also contained policy exclusions, a subrogation clause,and a provision regarding "other insurance." However, notwithstanding some similarities between the Agreement and an insurance contract, it is this court's opinion there are no ambiguities in the language of the Agreement. The Agreement's Memorandum of Intent expressly states that it is not an insurance policy.

*Memorandum Not an Insurance Policy.* This document is not intended to be, nor is it, a policy of insurance, contract of indemnity, or other document of similar effect. ASBA-RMA and its Participants intend only to jointly retain losses associated with specified risks and perils and do not intend to conduct the business of insurance. ASBA-RMA, by this document or any other contract or agreement, does not obligate itself to indemnify the Participants for losses suffered by them.

*Nonwaiver of Privileges and Immunities.* Neither this document nor anything contained herein is intended to, and shall not be construed to, constitute a waiver of any privilege or immunity, including without limitation sovereign or tort immunity, which is or may be enjoyed by the Participants. The Board may, in its discretion, choose to pay claims notwithstanding a valid defense thereto based upon sovereign immunity, but such payment, if any, shall not be intended to, and shall not be construed to constitute waiver of any privilege or immunity.

Record at 52.

■ Based upon the above provisions, it is clear that the District and ASBIC did not intend to enter into an insurance contract. The Agreement provided coverage for liability imposed upon the Participants by law. Arkansas law does not impose liability upon school districts for the negligence of its employees. Ark. Code Ann. § 21-9-301 grants immunity to school districts for tort liability. However, Ark. Code Ann. § 21-9-302 (1987) provides that school districts and other immune entities may settle tort claims brought against them. The tort immunity granted by Ark. Code Ann. § 21-9-301 extends to school district employees for negligence in the performance of their official duties. *Cousins* v. *Dennis*, 298 Ark. 310, 767 S.W.2d 296 (1989). We hold that the trial court correctly ruled that the Agreement was not ambiguous and that it did not provide insurance coverage for injury resulting from negligence of school district employees.

The trial court granted summary judgment in favor of ASBIC also because it found that ASBIC was not an insurer. The court applied the criteria set out in *City of Marianna* v. *Ark. Municipal League*, 291 Ark. 74, 722 S.W.2d 578 (1987), where

this court held that the Municipal League Defense Program was not a *de facto* insurance company. In that case we distinguished the Program from an insurance policy because the cities had the option of participating in the Program, the Program was non-profit, the Program was not actuarially sound, and membership was not open to the public. We quoted with approval *California-Western States Life Ins. Co.* v. *State Bd. of Equalization, et al.,* 312 P.2d 19, 20 (Cal. App. 1957), which stated:

> Regardless of the noted similarities in so many of the provisions contained in the plan to those found in annuity policies regularly sold by insurers, the great dissimilarity which adheres in the total absence of profit motive - never ignored by successful insurers - compels a conclusion that the establishment and maintenance of respondent's employees' retirement plan cannot be classified as insurance business done by it in this state.

The trial court found that the District similarly was not required to enter into a contract with ASBIC, that ASBIC was not operated for profit, and that ASBIC was not actuarially sound. The facts of the instant case are somewhat different from those of *City of Marianna* in that Participants agreed to make supplementary payments to ASBIC in the event there were not sufficient funds to pay administration expenses. However, this factual difference is not enough to distinguish the present agreement from that involved in *City of Marianna.* Accordingly, we affirm the trial court's ruling that ASBIC was not an insurer.

■ Ark. Code Ann. § 23-60-102(1) (1987) defines insurance as "a contract whereby one undertakes to indemnify another or pay a specified amount or provide a designated benefit upon determinable contingencies." Applying this definition, the Agreement does not appear to be a contract of insurance because its language specifically excludes types of claims over which the District could assert its tort immunity. Furthermore, the Agreement states that "[t]he board may, in its discretion, choose to pay claims . . . notwithstanding a valid defense thereto based upon sovereign immunity. . . ." Record at 62. Therefore, there was no absolute promise to indemnify. Applying the statutory definition and the language of the Agreement itself, this court finds that ASBIC did not provide coverage for the claim asserted by

appellant.

The second issue that must be decided is whether SIFADE has a statutory duty to insure certified school personnel under Ark. Code Ann. § 6-17-1113. The statute reads as follows:

> (a) The Department of Education is authorized and directed to establish a self-insurance fund or negotiate for and procure a group or blanket policy or policies of insurance, or both, insuring school board members, school nurses, school secretaries, substitute teachers, authorized volunteers and each employee of a public school district and each employee of the Arkansas School for the Deaf and Arkansas School for the Blind who is required to hold a teaching certificate issued by the Department of Education, and each teacher's aide and each student teacher in a public school district or in the Arkansas School for the Deaf or the Arkansas School for the Blind and each member of the dormitory staff of the Arkansas School for the Deaf or Arkansas School for the Blind against civil liability for acts or omissions of each employee in the performance of his or her official duties as a school employee, including civil liability for administering corporal punishment to students, in the amount of two hundred fifty thousand dollars ($250,000) for each incident.

Ark. Code Ann. § 6-17-1113(a) (Supp. 1991).

Appellant argues that the legislative intent of Ark. Code Ann. § 6-17-1113 is to mandate insurance coverage for the negligence of teachers. SIFADE argues that by enacting Ark. Code Ann. § 6-17-1113, the legislature did not intend to abrogate governmental immunity for school district employees.

Arkansas has a long-standing public policy of governmental immunity. The Arkansas Legislature has declared by statute that school districts are immune from suit in tort for injuries caused by the acts of their agents or employees. The statute provides:

> It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions in the state shall be immune from

> liability for damages. No tort action shall lie against any such political subdivision because of the acts of their agents and employees

Ark. Code Ann. § 21-9-301 (1987). In *Cousins v. Dennis*, 298 Ark. 310, 767 S.W.2d 296 (1989), the court interpreted Ark. Code Ann. § 21-9-301 to also provide tort immunity to school employees for their liability for negligent acts arising out of the performance of their official duties. *See also Matthews v. Martin*, 280 Ark. 345, 658 S.W.2d 374 (1983).

██ Arkansas has long held that a court must construe all statutes relating to the same subject matter together. *See Kansas City So. Ry. Co. v. Pledger*, 301 Ark. 564, 785, S.W.2d 462 (1990); *Cummins v. Washington County Election Comm'n*, 291 Ark. 354, 724 S.W.2d 486 (1987). A statute is not repealed by implication, especially where there exists a harmonious construction of both statutes. *See Henslee v. Madison Guar. Sav. & Loan Ass'n*, 297 Ark. 183, 760 S.W.2d 842 (1989). If appellant's interpretation of the statute is adopted, governmental immunity would be abrogated. Given Arkansas' strong adherence to governmental immunity, we think that if the legislature had intended to require ADE to insure against the negligent acts of school district employees, claims from which school districts traditionally have been immune, they would have expressly stated this intent. In the absence of such express intent, we do not think this court should change longstanding public policy of the State of Arkansas.

██ This court interprets Ark. Code Ann. § 6-17-1113 to authorize and direct ADE to establish a self-insurance fund or procure insurance policies to insure school district employees against acts or omissions from which they have not traditionally been immune, *i.e.,* civil rights claims under federal legislation and intentional or malicious acts or omissions. In *Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989), we stated that Ark. Code Ann. § 21-9-301 does not provide immunity from intentional torts. Similarly, in *Beaulieu v. Gray,* 288 Ark. 395, 705 S.W.2d 880 (1986), we stated that the statute does not protect immune employees from malicious acts. Therefore, we hold that ADE was not statutorily required to insure against the negligent acts of school district employees.

█ Lastly, appellant contends that the trial court erred in granting summary judgment in favor of Joseph and Simmons. Appellant argues that even if ASBIC and SIFADE did not provide insurance to Joseph and Simmons, summary judgment in their favor was improper because the record was devoid of proof that they were not otherwise insured. We agree. In *Carter* v. *Bush,* 283 Ark. 16, 677 S.W.2d 837 (1984), we held that state employees are not immune from suit to the extent they are covered by liability insurance. *See also Carter* v. *Bush,* 296 Ark. 261, 753 S.W.2d 534 (1988). The burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of fact for trial. *Prater* v. *St. Paul Ins. Co.,* 293 Ark. 547, 739 S.W.2d 676 (1987). It may very well be that no liability insurance insures either Joseph or Simmons. However, this is not demonstrated in the record of this appeal. The record shows only that they are not covered by ASBIC or SIFADE. Therefore, summary judgement is premature as to them, and the case should be remanded for the trial court to determine whether either of them is protected by any other liability insurance.

Affirmed in part and reversed and remanded in part.

Special Justice PERRY WHITMORE joins in this opinion.

GLAZE and CORBIN, JJ., not participating.