The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Senator Bradford:
You have requested an Attorney General opinion in response to the following questions:
 (1) What is the statute allowing negligence suits against an Arkansas city, county, or agency of the city or county?
 (2) If a citizen seeks to prove negligence on the part of an Arkansas city, county, or agency of the city or county, how long (i.e., how many years) does the citizen have to file his suit after the alleged incident?
RESPONSE
Question 1 — What is the statute allowing negligence suits against anArkansas city, county, or agency of the city or county?
There is no such statute. On the contrary, Arkansas cities, counties, and other local political subdivisions are, by statute, specifically granted immunity from tort liability. However, there are certain limited statutory exceptions to this general immunity from liability.
The statutory declaration of tort immunity for political subdivisions such as cities and counties is set forth in A.C.A. § 21-9-301, as follows:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability and from suit for damages, except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
A.C.A. § 21-9-301.
The only exception to this general grant of immunity that would affect a claim of negligence against a political subdivision[1] is contained in the statute itself. Cities, counties, and other political subdivisions can be held liable for negligence to the extent that they are covered by liability insurance. White v. City of Newport, 326 Ark. 667,933 S.W.2d 800 (1996). Claimants can file directly against the insurance company. A.C.A. § 23-79-210. In addition, political subdivisions are authorized to settle tort claims. See A.C.A. § 21-9-302.
It should also be noted that although A.C.A. § 21-9-301 speaks only in terms of the immunity of the political subdivision itself, the Arkansas Supreme Court has interpreted the statute as extending immunity to officers and employees of the political subdivisions as well when they negligently commit acts or omissions in their official capacities. See,e.g., Autry v. Lawrence, 286 Ark. 501, 696 S.W.2d 315 (1985) (stating that it was the intent of the General Assembly in enacting A.C.A. §21-9-301 to grant immunity to municipal agents and employees for acts of negligence committed in their official capacities). Accordingly, a claimant may be able to sue city or county employees personally for intentional or malicious acts, or for negligent acts not committed in their official capacities. However, the claimant cannot sue the city, the county, or the agencies thereof for negligence, nor can the claimant sue a city or county employee for negligence that was committed in the employee's official capacity.[2]
Question 2 — If a citizen seeks to prove negligence on the part of anArkansas city, county, or agency of the city or county, how long (i.e.,how many years) does the citizen have to file his suit after the allegedincident?
I must initially reiterate that a claim of negligence against a city, county, or an agency thereof can be realized only to the extent that the entity is covered by liability insurance.
You have not indicated the nature of the claimed negligence about which you are inquiring. Specific acts of alleged negligence may be governed by statutes that create special limitations periods for those specific acts. For this reason, I cannot answer definitively in response to your question. Nevertheless, I will note that the general statute of limitations for actions based upon claims of negligence is three years. A.C.A. § 16-56-105.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] The other primary exception to the general immunity of political subdivisions is that the immunity granted in A.C.A. § 21-9-301 does not apply to intentional torts or to the malicious acts of the employees and agents of political subdivisions. See Deitsch v. Tillery, 309 Ark. 401,833 S.W.2d 760 (1992); Waire v. Joseph, 308 Ark. 528, 825 S.W.2d 594
(1992); Battle v. Harris, 298 Ark. 241, 766 S.W.2d 431 (1989). This exception, of course, would not affect a claim of negligence.
[2] It should be noted that cities and counties are not completely immune from suit for the deprivation of constitutionally protected rights, brought under 42 U.S.C. § 1983. See Monell v. Department ofSocial Services, 436 U.S. 658 (1978).