The Honorable Eddy R. Easley, Prosecuting Attorney Seventh Judicial District 215 East Highland, Suite 4 Malvern, Arkansas 72104
Dear Mr. Easley:
You have requested an Attorney General opinion concerning offenders who are sentenced to community service rather than being given jail time.
You note that under a new law,[1] the municipal courts will be sentencing certain offenders to community service rather than giving them jail time. With regard to this scenario, you have asked:
 If a county or city purchases liability or accident insurance to cover persons who are assigned to community service, does the county or city risk losing their tort immunity?
As an initial matter, I note that a county or a city normally cannot be held liable for the actions of an individual who has no employment or other agency relationship with the county or city. A claim against the county or city based upon the actions of an individual under the county's or city's supervision would actually be a claim for the county's or city's failure, rather than a claim against the county or city for the acts of the individuals being supervised. State law grants counties and cities immunity from such tort claims.
This grant of immunity is set forth in A.C.A. § 21-9-301, which states:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability and from suit for damages, except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
A.C.A. § 21-9-301.
Notably, this grant of tort immunity contains two exceptions: (1) It does not apply to the extent that the political subdivision in question has insurance coverage; and (2) It does not apply to intentional torts. SeeWaire v. Joseph, 308 Ark. 528, 825 S.W.2d 594 (1992); Battle v. Harris,298 Ark. 241, 766 S.W.2d 431 (1989).
In making an exception to the extent of insurance coverage, the language of the statute is unambiguous. It must therefore be interpreted just as it reads. McDonald v. Pettus, 337 Ark. ___, ___ S.W.2d ___ (Case No. 98-975, April 15, 1999).
Because in the scenario you have described, the claim against the county or city would actually be a claim that the county or city failed to supervise adequately, it would appear that in order for the insurance exception to limit the political subdivision's immunity from tort liability in this scenario, the insurance coverage must be coverage of the county's or city's employees while they are engaged in the activity of supervising the individual who have been sentenced to community service. Mere coverage of the activities of the individuals who have been sentenced to community service would not implicate the provisions of A.C.A. § 21-9-301, and would not affect the county's or city's tort immunity.
Although it is not entirely clear, the wording of your question appears to indicate that the insurance coverage about which you are inquiring is coverage of the individuals who will be sentenced to community service rather than coverage of county or city employees while engaged in supervising such individuals. If, in fact, that is the type of coverage you envision, I must conclude that it would not place the county or city at risk of losing their tort immunity.
However, in a scenario where the insurance coverage is coverage of county or city employees while engaged in supervising individuals who have been sentenced to community service, I would conclude that such coverage would risk the county's or city's tort immunity to the extent of that coverage.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] You did not state the new law to which your correspondence referred. However, I presume that you are referring to Act 1077 of 1999, which provides for certain driving offenders to be sentenced to community service in lieu of being imprisoned.