John NEEVE *v.* CITY of CADDO VALLEY

02-656                                    91 S.W.3d 71

Supreme Court of Arkansas
Opinion delivered December 5, 2002

*Winston C. Mathis*, for appellant.

*Brian Trubitt*, for appellee.

A NNABELLE CLINTON IMBER, Justice. Appellant John Neeve was cited for speeding on January 8, 2002, by a police officer for the City of Caddo Valley. He was scheduled to appear in the City Court of Caddo Valley, but objected to that court's exercise of jurisdiction. Following the city court's denial of his motion to dismiss, Neeve sought a writ of prohibition in the Clark County Circuit Court. The circuit court denied the writ, and Neeve now appeals the circuit court's ruling. We affirm.

As he did before the city court and the circuit court, Neeve raises two points on appeal: (1) Act 944 of 1977 prohibits the City of Caddo Valley from establishing its own court; and (2) Amendment 80 to the Arkansas Constitution bars the establishment of the Caddo Valley City Court. In response, the City of Caddo Valley contends that neither point has merit. First, the city asserts that Act 944 of 1977 did not repeal Ark. Code Ann. § 14-45-106 (Repl. 1998), which authorizes the establishment of city courts by incorporated towns. Second, the city states that Amendment 80 to the Arkansas Constitution does not affect the jurisdiction of the Caddo Valley City Court because that court was established before Amendment 80's effective date.

Act 944, which is entitled "An Act to Reorganize the Arkadelphia/Clark County Municipal Court," was enacted by the General Assembly in 1977. Pursuant to Act 944 and local Ordinance 80-2, the City of Caddo Valley, a municipality located in Clark County, placed its docket on the Clark County Municipal Court Agenda on May 8, 1980. Then, on May 17, 2001, the city's town council passed Ordinance 2001-4 to establish the Caddo Valley City Court. Amendment 80 to the Arkansas Constitution became effective on July 1, 2001. Subsequently, in October, 2001, the mayor appointed a judge to preside over the new city court.

As a starting point, we observe that Neeve appeals the circuit court's denial of a petition for a writ of prohibition. A writ of prohibition is an extraordinary writ that is appropriate only when the lower court is wholly without jurisdiction. *Travelers Ins. Co. v. Smith*, 329 Ark. 336, 947 S.W.2d 382 (1997). On appeal, this court's review is limited to the pleadings. *Id.*

*I. Act 944 of 1977*

Determining whether Act 944 of 1977 prohibits the City of Caddo Valley from establishing a city court is a matter of statutory construction. The germane section of the Act states:

> All municipalities located in Clark County currently maintaining a docket on the Court Agenda, as of the effective date of this Act, shall be part of the Clark County Municipal Court System without further action on the part of said municipality. Any Clark County Municipality desiring to maintain a docket on the Municipal Court Agenda may do so by filing a resolution or ordinance with the Municipal Court Clerk requesting a docket on the Court Agenda.

1977 Ark. Acts 944 § 3 (not codified).

In his first point on appeal, Neeve essentially argues that once the city exercised its right under Act 944 of 1977 to place its docket on the Clark County Municipal Court's Agenda, it no longer had the right to create a court under Ark. Code Ann. § 14-

45-106. Specifically, Neeve seizes on the mandatory language in section 3 of the Act, which states in pertinent part that "[a]ll municipalities located in Clark County currently maintaining a docket on the Court Agenda, as of the effective date of this Act, *shall* be part of the Clark County Municipal Court System without further action on the part of said municipality." 1977 Ark. Acts 944 § 3 (emphasis added). However, Neeve fails to address the discretionary language in section 3 of the Act, which states that "[a]ny Clark County Municipality desiring to maintain a docket on the Municipal Court Agenda may do so by filing a resolution or ordinance with the Municipal Court Clerk requesting a docket on the Court Agenda." *Id.* Neeve suggests that the "mandatory language" of Act 944 coupled with the city's election to maintain its docket on the Clark County Municipal Court Agenda indicates that the city lost its power to withdraw from the Clark County Municipal Court System and create its own court. Neeve recognizes that this case necessarily involves statutory interpretation and, in support of his interpretation, states that Arkansas "has long subscribed to the notion that common sense is a key element in defining statutory construction." *See Keith v. Barrow-Hicks Extensions of Water Improv. Dist. No. 85*, 275 Ark. 28, 626 S.W.2d 951 (1982).

■ ■ In addition to common sense, we have consistently stated that the basic rule of statutory construction is to give effect to the intent of the General Assembly. *Nations Bank v. Murray Guard*, Inc., 343 Ark. 437, 36 S.W.3d 291 (2001). This court will construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* Furthermore, we will not read into a statute a provision not put there by the General Assembly. *State v. Goss*, 344 Ark. 523, 42 S.W.3d 440 (2001).

The mandatory language in section 3 of the Act merely provides that if a municipality, such as the City of Caddo Valley, maintained a docket on the court agenda at the time the Act was enacted, it would automatically become part of the Clark County Municipal Court System. At the time Act 944 was passed, the

City of Caddo Valley did not maintain a docket on the court agenda. Thus, that provision is not applicable here. According to the discretionary language in the next sentence of the Act, if a municipality desires to maintain a docket on the court agenda, it may file an ordinance with the court, just as the City of Caddo Valley did in this case. The plain language of the Act does not prohibit the establishment of a city court. Furthermore, Ark. Code Ann. § 14-45-106 authorizes the establishment of a city court.

To construe Act 944 as Neeve suggests would necessarily require this court to conclude that Act 944 impliedly repealed Ark. Code Ann. § 14-45-106. Repeals by implication are strongly disfavored by the law. *Shelton v. Fisher*, 340 Ark. 89, 8 S.W.2d 557 (2000); *Robinson v. Langdon*, 333 Ark. 662, 970 S.W.2d 292 (1998). In Arkansas, a statute is only impliedly repealed when there is a repugnance between the two enactments such that both cannot stand together. *Thomas v. State*, 315 Ark. 518, 868 S.W.2d 85 (1994). Moreover, we will not find a repeal by implication if there is any way to interpret the statutes harmoniously. *Waire v. Joseph*, 308 Ark. 528, 825 S.W.2d 524 (1992). As neither statute at issue here makes jurisdiction exclusive in either court, which effectively means that both courts may exercise concurrent jurisdiction, we hold that Act 944 does not impliedly repeal Ark. Code Ann. § 14-45-106.

### 2. Amendment 80

In Neeve's second point on appeal, he argues that Amendment 80 to the Arkansas Constitution prohibits the city from establishing a city court. While acknowledging that the Town Council of Caddo Valley enacted Ordinance 2001-4 prior to the effective date of Amendment 80, Neeve claims that a court did not exist until the mayor appointed a judge. As support for this claim, he points to the following language in the ordinance: "The Mayor of the Town of Caddo Valley, Arkansas, shall delegate the power, duties, and responsibilities given to him by Section 14-45-106 (1999 Replacement) of the Arkansas Code Annotated, to any

person qualified under the laws of the State of Arkansas to assume those powers, duties, and responsibilities." City of Caddo Valley, Ar., Ordinance 2001-4 (2001). According to Neeve, because the ordinance requires the mayor to delegate the judicial duties given to him by Ark. Code Ann. § 14-45-106, the city court was not established until the mayor in fact appointed a judge. We disagree.

The ordinance enacted by the Town Council of Caddo Valley on May 17, 2001, provides in pertinent part:

> SECTION ONE: There is hereby created the City Court of Caddo Valley, Arkansas, and such City Court is hereby granted such power and jurisdiction as is allowed by the provisions of Section 14-45-106 (Replacement 1999) of the Arkansas Code Annotated.

City of Caddo Valley, Ar., Ordinance 2001-4, § 1 (2001). The word "hereby" clearly indicates that the city court was established immediately, and not upon the appointment of a judge. A better characterization of the situation would be that the city court existed as of May 17, 2001, but a vacancy existed on the bench.

■ ■ It is a basic tenet of statutory construction that the court will give meaning to each word and not interpret a statute to an effect that will render some words superfluous. *Nations Bank v. Murray Guard*, Inc., 343 Ark. 437, 36 S.W.3d 291 (2001). We will not ignore the plain language in the ordinance that provides for the creation of the city court immediately. Therefore, we hold that the City Court of Caddo Valley was established before July 1, 2001, the effective date of Amendment 80. Thus, the issue of whether Amendment 80 prohibits the establishment of new city courts need not be addressed. Accordingly, the lower court was not wholly without jurisdiction and the trial court properly denied the writ.

Affirmed.