The Honorable Cliff Hoofman State Senator Box 1038 North Little Rock, AR 72115-1038
Dear Senator Hoofman:
I am writing in response to your request for my opinion on a question relating to the following reported facts:
 An individual accumulated a large number of fines for traffic violations and, as a result, had his driving privileges revoked for a period of time. Without a license to drive, he is unable to work and therefore unable to pay the fines.
 A plan was developed which would allow him to perform community service work for an "incorporated town"; however, the town council was afraid of the community's liability in case the individual fell or was otherwise injured while he worked for the town.
You speculate in your request "that since the incorporated town has no employees and, therefore, no workers' compensation requirements, because of the constitutional immunity for public bodies, the town would have no liability for injury."
This situation has prompted you to pose the following question:
 Would an incorporated town that had no employees incur any liability to an individual performing community service, in and for the town, to satisfy an obligation of monetary fines imposed for traffic violations, if that individual was injured while doing community service?
RESPONSE
In my opinion, the town would face exposure for negligence in supervising the worker only to the extent it is insured against the risk of any such injury. A.C.A. § 21-9-301 (Supp. 2001). This immunity does not apply to claims alleging intentional torts or violations of federal constitutional law.
Although your request only indirectly raises the issue, I should note that you appear to have begged the question of possible workers' compensation coverage in positing that "the incorporated town has no employees." At issue in this regard is whether the individual performing community service might be characterized as an "employee" of the town and hence subject to workers' compensation coverage, not whether any other individual has been so classified in the past.[1]
In Ark. Op. Att'y Gen. No. 99-225, I directly addressed the issue of the municipality's potential exposure to tort liability for negligence in supervising the community-service worker. As I then noted, the statutory (not constitutional) grant of immunity to municipalities is set forth at A.C.A. § 21-9-301 (Supp. 2001), which provides:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
This grant of immunity does not apply to intentional torts. See Waire v.Joseph, 308 Ark. 528, 825 S.W.2d 594 (1992); Battle v. Harris,298 Ark. 241, 766 S.W.2d 431 (1989).
Although I consider the possibility remote, an injured community-service worker might in theory elect to proceed against the town or one of its officers alleging some violation of federal law, as opposed to state tort law. Section 1983 of title 42 of the United State Code provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
State law immunities do not override a cause of action under this statute. See Monell v. New York City Department of Social Services,436 U.S. 658 (1978). However, individuals enjoy a qualified immunity from any action alleging such a violation of federal law. See Mosier v. Robinson,722 F. Supp. 1245 (E.D. Ark. 1989). As I stated in Ark. Op. Att'y Gen. No. 1999-363:
 Under the doctrine of qualified immunity, an individual is immune from trial if the actions complained of were taken in good faith in the performance of one's duties, and the acts do not violate any clearly established constitutional right. Harlow v. Fitzgerald, 457 U.S. 800
(1982). The test for the applicability of qualified immunity turns upon the "objective legal reasonableness of the action," assessed in light of legal rules that were "clearly established" at the time the action was taken. See Anderson v. Creighton, 483 U.S. 635 (1987). The immunity is "qualified" because it does not obtain where the activity is in violation of clearly established law that a reasonable person would have known. Robinson v. Beaumont, 291 Ark. 477, 725 S.W.2d 839 (1987); Matthews v. Martin, 280 Ark. 345, 658 S.W.2d 374 (1983).
In short, assuming, as seems likely, that the town carries no liability insurance, I believe it would be immune from any suit alleging negligence with respect to a community service worker. Its exposure to claims of intentional torts or violations of federal law would be as outlined above.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] The Public Employee Workers' Compensation Act, A.C.A. § 21-5-601 etseq. (Repl. 1996 Supp. 2001), defines a "municipal employee" as "an employee of the municipalities of this state." A.C.A. § 21-5-603(a)(3). Despite the circularity of this definition, I feel confident that a court reviewing the matter would conclude that an offender doing community service as part of his sentence cannot be classified as a "municipal employee" entitled to workers' compensation coverage. Although the issue of employment status is ultimately one of fact, see discussion in Ark. Op. Att'y Gen. No. 90-192, I cannot imagine a court determining that an offender performing unrecompensed community service is doing so as a municipal employee. Indeed, in the enclosed Ark. Op. Att'y Gen. No.99-225, which likewise addressed a municipality's exposure to liability for injuries incurred by an offender performing community service, I characterized such an individual without elaboration as one "who has no employment or other agency relationship with the county or city."Compare A.C.A. § 21-5-604(b) ("The relationship of a workfare participant to the State of Arkansas or to any of its political subdivisions shall not be deemed to be an employer-employee relationship.").