The Honorable Randy Laverty State Senator Post Office Box 165 Jasper, AR 72641
Dear Senator Laverty:
I am writing in response to your request for my opinion on the following question:
 Does a public school district have the authority to pay the medical bills for students who were injured on a school-sponsored field trip that was not covered by school-purchased insurance?
RESPONSE
In my opinion, Ark. Const. art. 14, § 2 and art. 16, § 11 would preclude a school district from voluntarily discharging students' medical bills from any resource other than insurance unless it reasonably did so in order to compromise certain types of pending or impending legal claims.
You do not indicate in your question whether the students' injuries may have resulted from the negligence of a school district official or employee, in which case under Arkansas law the qualified immunity set forth at A.C.A. § 21-9-301 (Supp. 2003) would apply. However, I can opine that if the injuries resulted from negligence on the part of a school district official or employee and if the injuries are in fact not covered by insurance, it will be impermissible for a school district to discharge the medical bills of injured students from some source of revenues other than insurance. If the injuries did not involve negligence on the part of school district officials or employees, I believe the district would be all the more clearly barred from paying the students' medical bills. I further believe it would be permissible for a school district to defray students' uninsured medical expenses only under two circumstances: (1) if the injuries might be characterized as arising from malicious or intentional misconduct by a school district officer or employee; or (2) if the injuries might be characterized as arising from a violation of the students' civil rights. Under either of these circumstances, I believe a school district might in its discretion defray students' uninsured medical expenses only as a means of compromising what might otherwise be claims against the district exceeding the district's financial protection under the Department of Education's School Worker Defense Program. See
A.C.A. § 6-17-1113 (Repl. 1999).
The issue underlying your question is whether paying for an injured student's medical expenses not covered by insurance would violate Ark. Const. art. 14, § 2, which provides that "[n]o money or property belonging to the public school fund, or to this State for the benefit of schools or universities, shall ever be used for any other than for the respective purposes to which it belongs" or art. 16, § 11, which provides that "no moneys arising from a tax levied for one purpose shall be used for any other purpose."
A local school board is statutorily charged with the "care and custody" of district funds and property. A.C.A. § 6-13-620(1) (Supp. 2003). The legislature has authorized school boards to do all things "necessary and lawful for the conduct of efficient free public schools in the district[.]" Id. at subsection (12); see Ark. Op. Att'y Gen. Nos.2004-036, 99-348 and 91-315, citing Safferstone v. Tucker, 235 Ark. 70,357 S.W.2d 3 (1962). As one of my predecessors noted, with regard to the expenditure of school funds, the question is whether an expense can be characterized as "`reasonably useful and proper' in the educational process." Ark. Op. Att'y Gen. No. 99-348.
In addressing whether the medical payments referenced in your request would be permissible under the standard just recited, I am influenced by the fact that a school district and its employees enjoy the following statutory immunity pursuant to A.C.A. § 21-9-301:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
(Emphasis added.) This provision applies only in situations involving tort liability, and it contains an exception for claims covered by liability insurance. See City of Caddo Valley v. George, 340 Ark. 203,9 S.W.3d 481 (2000). Moreover, the immunity granted by this statute does not include immunity from liability for intentional torts. See Deitschv. Tillery, 309 Ark. 401, 833 S.W.2d 760 (1992); Battle v. Harris,298 Ark. 241, 766 S.W.2d 431 (1989). Although A.C.A. § 21-9-301 speaks only in terms of the immunity of the political subdivision itself (and its "boards, commissions, agencies, authorities or other governing bodies), the Arkansas Supreme Court has interpreted the statute as extending immunity to officers and employees of the political subdivisions as well when they negligently commit acts or omissions in their official capacities. See, e.g., Doe v. Baum, 348 Ark. 259, 270, 72 S.W.3d 476
(2002); Autry v. Lawrence, 286 Ark. 501, 696 S.W.2d 315 (1985) (stating that it was the intent of the General Assembly in enacting A.C.A. §21-9-301 to grant immunity to municipal agents and employees for acts of negligence committed in their official capacities).
As the highlighted passage in this statute reflects, the legislature has expressly provided that, notwithstanding a political subdivision's immunity from liability and suit, it may accept liability for the negligent acts of its officers or employees to the extent it has insured against such liability.[1] In my opinion, implicit in this authorization to insure against liability for negligence is a converse directive that a political subdivision honor the terms of its qualified immunity by refraining from paying damages from any source of revenues other than the insurance it has elected to purchase. As the court stated in Gazaway v. Greene County Equalization Bd., 314 Ark. 569, 575,864 S.W.2d 233 (1993): "The phrase expressio unius est exclusio alterius
is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. Chem-Ash, Inc. v. Arkansas Power Light Co., 296 Ark. 83,751 S.W.2d 353 (1988); Venhaus v. Hale, 281 Ark. 390, 663 S.W.2d 930
(1946)." I believe this principle supports the conclusion that the legislature, in authorizing a school district to waive its immunity from liability to the extent of its liability insurance, if any, intended to foreclose the payment of damages from any other source. In my opinion, then, gratuitously discharging the medical bills of students negligently injured by district officers or employees in the course of a field trip would not be consistent with the provisions of Ark. Const. art 14 and A.C.A. § 21-9-301.
Given this apparent legislative intent, it follows a fortiori that a school district whose officials or employees were not guilty of negligence could not discharge the medical bills of students injured on a field trip. As noted above, because a school district is obligated to devote its resources to educational purposes, I believe the only instance in which it could divert those resources to the medical treatment of injured students is if it reasonably concluded that doing so would enable it to avoid a greater prospective liability in instances either involving an alleged violation of civil rights or alleged intentional or malicious conduct.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] I should note that A.C.A. § 21-9-303 (Repl. 1996) requires political subdivisions, including school districts, to maintain liability insurance on their vehicles in the minimum amounts prescribed in the Motor Vehicle Responsibility Act, A.C.A. § 27-19-101 et seq. (Repl. 1994 Supp. 2003). Section 6-17-1113 of the Code further directs the creation within the Department of Education of a School Worker Defense Program to protect against a school district's potential civil liability "for acts or omissions of each employee or volunteer in the performance of his or her duties. . . ." As one of my predecessors noted in Ark. Op. Att'y Gen. No. 97-125:
 The Arkansas Supreme Court interpreted A.C.A. § 6-17-1113 in Waire v. Joseph, 308 Ark. 528, 825 S.W.2d 594 (1992), specifically stating the purpose of the statute. The court described the purpose of A.C.A. § 6-17-1113 as follows:
 This court interprets Ark. Code Ann. 6-17-1113 to authorize and direct ADE to establish a self-insurance fund or procure insurance policies to insure school district employees against acts or omissions from which they have not traditionally been immune, i.e., civil rights claims under federal legislation and intentional or malicious acts or omissions.
 Waire, 308 Ark. at 534. The court specifically held that A.C.A. § 6-17-1113 does not contemplate the provision of insurance coverage for negligence. Accord, Deitsch v. Tillery, 309 Ark. 401, 833 S.W.2d 760
(1992).