The Honorable Henry Morgan Prosecuting Attorney Ninth Judicial District-East 414 Court Street Arkadelphia, Arkansas 71923
Dear Mr. Morgan:
I am writing in response to your request for an opinion on two questions concerning the financial liability of the City of Caddo Valley to pay for the operations of the Clark County District Court. Specifically, you reference Act 944 of 1977, and provide the following information:
 The Act sets forth a formula for the payment of cost of the Clark County Municipal (now District) Court. The Act provides that the costs are spread over the various cities, municipalities, and Clark County. In 2004, the quorum court set the 2005 budget for the District Court and the amounts the entities were to pay for the calendar year 2005. After making its first payment in 2005, Caddo Valley notified the District Judge via letter on August 11, 2005, that it would withdraw from the Clark County District Court effective immediately. All cases filed before August 11, 2005, remained on the Clark County District Court docket. To date, the District Court still maintains a "Caddo Valley" docket and hears cases that occurred in Caddo Valley (primarily outstanding warrants, probation revocations, etc.) prior to August 11, 2005. All cases filed after August 11, 2005, are heard by the Caddo Valley Court.
 For the year 2006, the Quorum Court set the budget in December 2005 as it is required to do by law. The budget included the costs for Caddo Valley to pay for the District Court since the Court still maintains a "Caddo Valley" docket.
 Caddo Valley contends that since it began its court, it does not owe Clark County any money for the District Court for either 2005 or 2006.
You pose the following questions with regard to these facts:
 1. Whether the city of Caddo Valley still owes the County for the District Court second payment for 2005?
 2. Whether the city of Caddo Valley owes any on the 2006 budget?
RESPONSE
In my opinion the answer to your first question is "yes," and the answer to your second question is "no."
Question 1 — Whether the city of Caddo Valley still owes theCounty for the District Court second payment for 2005?
In my opinion the answer to this question is "yes."
Clark County has only one district court and one district judge. A.C.A. § 16-17-902(a)(5) (Supp. 2005). The salary range for the judge and clerk and one deputy district clerk are set in A.C.A. §16-17-108(a)(17) (Supp. 2005). You reference an older act, however, Act 944 of 1977. Act 944 of 1977 is not codified in the Arkansas Code. It remains the law, however, and as you note, dictates the allocation of the costs for the Clark County District Court. See e.g., Neeve v. Caddo Valley, 351 Ark. 235,91 S.W.3d 71 (2002) (interpreting Act 944 of 1977). The relevant portions of the Act provide as follows:
 Section 3. All municipalities located in Clark County currently maintaining a docket on the Court Agenda, as of the effective date of this Act, shall be a part of the Clark County Municipal Court System without further action on the part of said municipality. Any Clark County Municipality desiring to maintain a docket on the Municipal Court Agenda may do so by filing a resolution or ordinance with the Municipal Court Clerk requesting a docket on the Court Agenda.
 Section 4. The Annual Budget of the Arkadelphia/Clark County Municipal Court[1] shall be borne one-half by Clark County, and one-half by the municipalities of Clark County, whose share shall be further proportioned according to the population of the several municipalities based on the percentage of each individual municipal population to the combined municipal population in Clark County, Arkansas. This percentage shall be the share of the Municipal Court Budget which the municipality shall pay into the one-half of the budget due from the municipalities. The municipality shall pay into the Clark County Municipal Court account this prorated share and this account shall be maintained by Clark County, Arkansas. Said percentage shall be figured from the Federal Decennial Census and revised after each Decennial Census by the Clerk of the Municipal Court. No municipality shall be liable for a prorated share of the Municipal Court Budget unless it shall maintain a docket on the Municipal Court Agenda.
* * *
 Section 6. The Annual Budget of the Arkadelphia/Clark County Municipal Court shall be approved by the Municipal Judge, Clark County Judge, the City Manager of Arkadelphia and the Mayors or City Managers of each participating municipality. The Annual Budget shall be submitted by the Municipal Judge to the participating municipalities and Clark County, Arkansas by November 1, of each calendar year. Upon approval of the budget, each participating municipality and Clark County, Arkansas will pay into the Clark County Municipal Court account maintained by Clark County, Arkansas, fifty percent (50%) of its prorated share by January 15 and fifty percent (50%) of its prorated share by July 15 of each calendar year.
(Emphasis added).
Your question involves a construction of this Act and how it is to be applied when a municipality decides to withdraw its request to maintain a docket in the District Court. Some background information might be helpful prior to addressing your specific question.
The City of Caddo Valley apparently originally placed its docket on the Clark County Municipal Court, on May 8, 1980 through the passage of an ordinance under the second sentence of Section 3 of Act 944 above. 351 Ark. at 237. The City thereafter created its own "city court" on May 17, 2001. Id. These facts can be gleaned from Neeve v. City of Caddo Valley, mentioned above.[2] You state that on August 11, 2005, the Mayor sent a letter to the District Court Judge informing him that the City would "withdraw" from the Court beginning immediately. The City had apparently made its first payment for District Court expenses under Section 6 above, but denies any liability for the second payment of 2005.
Your first question focuses on the responsibility for payment of the expenses of the Clark County District Court for the latter part of 2005. In my opinion the question is controlled by the emphasized language in Sections 4 and 6 set out above.
The relevant portion of Section 4 states that "No municipality shall be liable for a prorated share of the Municipal Court Budget unless it shall maintain a docket on the Municipal Court Agenda." The relevant portion of Section 6 sets out a procedure for the approval of the District Court's budget each year by the relevant officials, including the Mayors of the participating municipalities. This Section states that "[u]pon approval of the budget, each participating municipality . . . will pay fifty percent (50%) of its prorated share by January 15 and fifty percent (50%) . . . by July 15 of each calendar year." (Emphasis added).
In my opinion, in response to your first question concerning the second payment for 2005, the City of Caddo Valley is liable for this payment. Act 944 sets up municipal liability for payment of expenses on a calendar year basis. Once a municipality has "approved" the District Court's budget under Section 6 above, Act 944 dictates that each municipality "will pay" two payments, one due on January 15 and one due on July 15 of the calendar year. Under the facts you recite, it appears that the Mayor of Caddo Valley approved the 2005 budget for the District Court. In my opinion, therefore, the City is responsible under Section 6 of Act 944 for both payments for calendar year 2005. The answer to your first question is therefore "yes."
Question 2 — Whether the city of Caddo Valley owes any on the2006 budget?
In my opinion the answer to this question is "no."
Apparently, the County's position is that because some pre-2006 cases from Caddo Valley remain on a Clark County District Court "Caddo Valley" docket, the City is responsible for payments for calendar year 2006. The County apparently believes that Section 4 of Act 944, which prohibits liability of any municipality not maintaining a docket in the court, is not applicable in this instance because of the prior cases remaining on the court's "Caddo Valley docket." Questions may be presented in this regard as to what it means to "maintain a docket" on the Court's Agenda and whether a docket consisting only of cases pending prior to a city's withdrawal is the maintenance of a "docket" for purposes of Section 4. In my opinion, however, the County's conclusion in this regard overlooks the relevant language of Section 6 of Act 944, which requires the Mayor's approval of the District Court budget and which hinges a municipality's liability for the two payments on such approval. Although you have not set out any facts in this regard, I assume, because the Mayor wrote a letter on August 11, 2005 withdrawing from the District Court, that he did not approve the District Court budget for 2006. Without such approval, I cannot conclude that liability attaches under Act 944 for calendar year 2006. Section 6 of the act conditions the two payments "[u]pon approval of the budget."
To be sure, Act 944 reflects a calendar year budgeting process and does not contemplate a mid-year withdrawal of participation. As a consequence, liability for pending or remaining cases that persist into the next calendar year after such a withdrawal is not addressed by the Act. Absent legislative or judicial clarification of the questions you pose, however, I cannot conclude under the limited facts you present that Caddo Valley is liable for 2006 payments. Whether the parties could reach an agreement to have the City pay some of the court's expenses in light of the remaining burden of cases on the Caddo Valley docket is a question best left to counsel for the City and County, perhaps with the aid of the Administrative Office of the Courts.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE
Attorney General
MB:ECW/cyh
[1] Under Arkansas Constitution, Amendment 80, district courts were established as the successors of municipal courts. Amendment 80, §§ 7(A) and 19 (B)(2) and (C).
[2] In Neeve, a defendant charged with speeding challenged the jurisdiction of the Caddo Valley City Court in which he was scheduled to appear. He argued that Section 3 of Act 944 of 1977 prohibited the City from creating its own city court and that newly adopted Amendment 80 to the Arkansas Constitution, which reorganized the judicial branch of government, prohibited the establishment of a city court after July 1, 2001. The Arkansas Supreme Court disagreed on both points, holding that the discretionary language of the second sentence in Section 3 of Act 944 did not prohibit the City from creating a city court, and that because the City passed the ordinance creating the city court prior to July 1, 2001 (the effective date of Amendment 80), there was no need to discuss any potential prohibitory effect of that Amendment.